UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                                 CASE NO: 2:14-cr-98-FtM-38MRM

GARY RUSSELL WILLIAMS

### ORDER[1]

This matter comes before the Court on the United States of America's Motion to Reduce Sentence (Doc. #60) filed on October 4, 2016. The Government moves to reduce Defendant Gary Russell Williams' sentence because of his substantial assistance in prosecuting another individual. Defendant Gary Russell Williams has not filed a response, and the time to do so has expired. Thus, the Government's motion is ripe for review.

Within the last year, the Court sentenced Defendant to 160 months imprisonment for drug distribution. (Doc. #58). That sentence included a three-level departure under U.S.S.G. § 5K1.1 for Defendant's cooperation and testimony in a separate criminal trial. (Doc. #59). Since his sentencing hearing, Defendant has substantially assisted the Government in prosecuting a second criminal trial – *United States v. Leslie Chin*, No. 14-cr-135-FtM-38CM. As a result, the Government recommends that the Court adopt another two-level departure under § 5K1.1. (Doc. #60).

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Federal Rule of Criminal Procedure 35(b) governs a court's ability to reduce a sentence for substantial assistance. Fed. R. Crim. P. 35(b). It provides that "[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." *Id.* The Court is not bound by the government's recommended reduction, but it has the authority to grant a reasonable reduction based on its evaluation of the factors related to a defendant's assistance. *See United States v. Livesay,* 525 F.3d 1081, 1091-92 (11th Cir. 2008). In deciding a § 5K1.1 departure, "the district court must consider the five non-exclusive § 5K1.1 factors: (1) the usefulness of the defendant's assistance; (2) the truthfulness and completeness of the defendant's information and testimony; (3) the nature and extent of the defendant's assistance; (4) any injury suffered or risk of injury or danger to the defendant and his family as a result of his assistance; and (5) the timeliness of the assistance." *Id.* at 1092. The court may consider other factors but only if they relate to the assistance provided by defendant. *Id.* The same legal principles applies to a Rule 35(b) motion.

The Court finds that it has jurisdiction to reduce Defendant's sentence and that his cooperation qualifies as substantial assistance under Rule 35(b). He testified at the criminal trial of Leslie Chin, and his testimony corroborated the Government's only witness as to drug quantity. The Court thus will grant a two-level reduction based upon his cooperation. This results in a total offense level of 26, a criminal history category of VI, and a Guidelines' range of imprisonment of 120 to 150 months.[2] Based on that, the

---

[2] In its motion, the Government maintains, "[s]hould the Court grant this motion, [it] recommends a two-level departure placing the defendant in a guideline range of 130 to 162 months." (Doc. #60 at 2). That Guidelines' range is incorrect. At the sentencing hearing, the Court granted the Government's motion for

Court finds that a sentence of 135 months imprisonment is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing. All other components of the original sentence shall remain as originally imposed.

Accordingly, it is now

**ORDERED:**

(1) The United States of America's Motion to Reduce Sentence (Doc. #60) is **GRANTED** as set forth above.

(2) The Clerk of the Court is **DIRECTED** to enter an amended judgment reducing the sentence imposed to **135 months** imprisonment as to the above-named defendant, and otherwise leaving all other components of the sentence imposed in the previously entered judgment.

**DONE AND ORDERED** at Fort Myers, Florida, this October 25, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record

---

a three-level § 5K1.1 departure – not a two-level. From there, the Court calculated his Guidelines' range to be 140 to 175 months based on an offense level of 28 and criminal history category of VI.